Our final case this morning is No. 24-15-76, Williams v. Collins, Mr. Dohakis. And just to alert you, one of the problems with these remote arguments is that if you're speaking and a judge is asking a question, sometimes it's difficult to hear that, so just be conscious that that's going to happen. Okay? Thank you, Your Honor. I sure will. Good morning. May it please the Court. Kenny Dohakis for Mr. Williams. I do want to take this opportunity to thank this Court to present his appeal. I want to start with the statutory and regulatory issues. 7105 was amended by… Let's just start by – I had a hard time figuring out from the briefs what's going on here, is the idea that if he got an earlier TDIU rating based entirely on PTSD, he would have gotten special monthly compensation. Is that what we're talking about here? Yes, Your Honor. That's the main part of his argument. Okay. Even though the R.O. didn't address that, you're saying that that, under the statutory scheme, was properly raised before the Board anyway? Well, the dispute seems to center around primarily what the AOJ did when they adjudicated his claim for benefits. And when you look at the record in the Court's finding, the Veterans Court's finding, it's clear, and I think undisputed, that the R.O. increased his PTSD rating and also found that he had a TBI service-connected. Then when he challenged it to the higher-level reviewer, the higher-level reviewer made two very specific findings that are separate and distinct. One was that he could not get an earlier effective date for his TBI. And I'm looking on page 84 of the appendix, and it says the effective date of TBI is March 2018. There are no provisions that would allow us to grant an earlier effective date. In the very next paragraph, there are no provisions which would allow us to grant an increased evaluation for PTSD prior to March 2018. So the AOJ, when they adjudicated his 2018 request for benefits, inferred or saw that there was an issue with the disability rating for his PTSD. They increased it and also found that he had a TBI. And then Mr. Williams— Where's the reference to TDIU on this page? The TDIU, I don't believe, is part of this specific decision, and it was— So he wasn't arguing before the R.O. that he was entitled to an earlier effective date for TDIU based on PTSD? No, Your Honor. He was already—okay, I understand the confusion here. So years prior, he had already been granted a total rating, a TDIU rating, based on all of his conditions. And the argument that he pressed here— But not under PTSD alone, right, which is what you're arguing about.  And so because it was multiple conditions and disabilities, there was no SMC available. But when the VA increased his PTSD to 100, then he looked at trying to get that effective date earlier, the total rating for his PTSD. And that's the specific issue that he was presenting to the HLR and then later to the board was the PTSD issue. And one of the components of that, his primary issue with that, was that the effective date should have gone earlier. I'm confused. Where do we find him raising the earlier effective date for TDIU based entirely on PTSD? Where does he raise that before the R.O.? He wasn't specifically asking for a TDIU rating, Your Honor. What he did was the VA, the R.O., increased his PTSD to 100, and he wanted that 100% rating, that total rating, to go back earlier. To 1999. Is that correct? That's what he presented, Your Honor. I want to emphasize here that the board did not address that, and neither did the court. Isn't that a different issue? Isn't that a different issue? That's why it's so difficult to understand this. Yes, he was raising a retroactive issue as to the PTSD, but my understanding is that he wasn't raising the assertion that he was entitled to an earlier TDIU rating based entirely on PTSD, which you say is the trigger for the SMC, right? A total rating is the trigger, Your Honor, whether it's a scheduler 100% under the rating schedule or a TDIU rating. But the general issue that he raised was my 100% should go back further. And the AOJ addressed that very specifically, again on page 84, that they cannot go any earlier. There's no provision which would allow us to grant an increase prior to 2018. And his notice of disagreement— I'm sorry. You really lost me. I don't understand what you're saying. I thought that the legal issue before us was whether the term issue in these regulations means something new in the light of the new statutory scheme, and whether it goes beyond the specific issue that was raised by the veteran to include other arguments relating to his disability rating. And now you're telling me that he did raise the TDIU issue earlier. I thought the assumption here was that he didn't specifically raise the TDIU issue earlier, but that it should be viewed as encompassed within the claim. I see, Your Honor. So I think the issue under the regulation—just to back up just a little, I want to emphasize, as we did in our briefing, that the term issue is not in the statute. The statute says a specific determination is what is needed in the notice of disagreement, and the VA, when they wrote the regulation, says that that specific determination means, with respect to compensation benefits, the issue which it further defined as the disability. So the issue that was presented, decided by the AOJ, and put in the notice of disagreement was PTSD. And the issue can encompass multiple different aspects to include higher ratings, TDIU— He never argued the TDIU issue, right? You're saying it's encompassed within the general argument about PTSD, but he didn't actually raise the TDIU issue specifically, right? He did not raise that specifically, no, Your Honor. And again, because of the way that the statute and the regulations are written, he doesn't have to if it's reasonably raised when the board is reviewing the PTSD issue. And so the issue includes, as we talked about in the Federal Register and some other sources, the issue includes the rating, the effective date, and a multitude of other—I hate to use the word sub-issues, but it really is components of that issue, I think, is a better way of looking at it. And so when he got to court, his attorney looked at the record. Remember, he was pro se up until he came to court. And his attorney looked at the record, and talking with the veteran, understanding what his objectives were, he wanted that 100% to go back further. She looked at the record and said, well, here's a few ways that we can do it. And the court said, we're not going to consider that because the board didn't have jurisdiction over the PTSD issue. And so— Excuse me. What do you say was the legal error? I'm looking at page 21 because, as you know, our jurisdiction is limited to addressing legal errors. And at the bottom of page 21, you say, the Veterans Court applied a legacy interpretation to Section 7105 and 20.202, thereby limiting Mr. Williams' NANOD to the discrete argument for an earlier effective date for the total rating assigned by the AO in its 2018 decision. Correct? Yes, Your Honor. So you're saying the board, the Veterans Court, erred with respect to the AMA, the new statute. Correct? Yes, Your Honor. Is that your argument? That is our argument, Your Honor. But, okay, the problem I have is it looks like, though, before the Veterans Court, you abandoned any argument based on the new statutory scheme. If you look at appendix pages 198 through 201, you say, this is a legacy case. This isn't an AMA case. And the Veterans Court picked up on that at appendix 14. So I don't see where, and then you say in your reply brief, at the very start, there's a statement to the effect, well, I can't find it, but anyway, you say that, so it looks like any AMA argument was abandoned before the Veterans Court. No, Your Honor. The AMA controls the board's jurisdiction because the veteran had opted into the AMA and received a decision, notice of a decision, under the amended statute. And so once he received notice of that decision, per the public law, the rules underneath the AMA to include the amended 7105 and the amended 20.802 tell the board what its jurisdiction is. And under the correct interpretation of those laws, and specifically 20.80, I'm sorry, 202 and 3.151C, the board has jurisdiction over the issue, so long as it's identified correctly in accordance with the regulation. And the issue is defined as, in this case, PTSD. But what, excuse me, but what about appendix 201, before the board, I'm sorry, before the Veterans Court says, thus, contrary to the Secretary's argument, both the Secretary's statement and the procedural history of this case is shown above, clearly established that Mr. Williams' TBI claim is a legacy claim and must be treated as such. He's forswearing or saying, no, I'm not under the AMA. And the Veterans Court refers to that. So how can you say it's an AMA case? Well, two responses to that, Your Honor. One is that this specific statement is talking about the TBI issue and not the PTSD. But more to the point is that this argument is addressing how the claim should have been interpreted when it was filed and looking at what was reasonably raised within that claim and whether it was raised as part of an earlier claim stream. So they would apply, the court would apply the legacy rules prior to 2019 to determine whether this would have been reasonably raised. And so I think the confusion here is that the legacy argument was directed towards interpreting the scope of the claim that was filed many years ago, as opposed to the board's jurisdiction, which is controlled by the AMA statutes and regulations. One final question. Page one of your reply brief, you say, the Secretary has asserted Mr. Williams waived the correct application of the law by asking the court to apply the wrong law. What are you getting at there? So as we cited to the Supreme Court decision in Moody, these statutes and regulations, the amended laws, control the board's jurisdiction. And the court, Veterans Court, cannot misapply the law to determine the board's jurisdiction or its own jurisdiction. Its jurisdiction is set by what Congress says. And whether or not there was a, whether or not Mr. Williams or any appellant really argues for the incorrect application of the law, the court is still required, as is the board, to apply the laws as they are written. Are you saying that at some point Mr. Williams, through counsel, and I realize it was different counsel before the court, asked the court to apply the wrong law? I don't believe so, Your Honor. That's what you seem to be saying.  You seem to be saying. Well, I, my, or, sorry, Your Honor. No, no, I'm sorry. But you seem to be saying that below, he asked that the wrong law be applied, but we're not bound by that. My, my point is, Your Honor, one, I don't think that he did misargue the law or misstate the law. I think that he argued something else, and the court, when it was addressing that, and then specifically he was arguing that these earlier claims had raised certain issues or certain entitlements that the board should have looked at, and the court said we don't even need to look at that because none of this was before the board and was with, was outside of their jurisdiction. And that's where the legal interpretation came in. But Mr. Williams did not argue jurisdiction because it wasn't really something that was, was presented until the court issued this order. So I see I'm into my rebuttal time, so I will reserve what I have left. We'll give you two minutes. Ms. Jansen.  Good morning, Your Honors, and may it please the court. In 2018, the VA awarded service connection for Mr. Williams' TBI claim. And as part of that rating decision, the VA sought to delineate between his TBI symptoms and his PTSD symptoms. He'd already been rated at 70% for PTSD. They were unable to delineate those symptoms as they overlapped so greatly, they had to evaluate both conditions together. Because PTSD provided him with 100% scheduler rating, which was a full disability rating, and the TBI would only provide him with 70%, VA recharacterized his claim as PTSD with TBI residuals so that he could be afforded the greatest benefit. And since that rating decision was made in July of 2018, Mr. Williams has been using the appeal of that decision to reopen a 2001 RO decision where TBI was denied and his PTSD was increased to 70%. And I think we heard opposing counsel say exactly that. As soon as he got this 100% scheduler rating for PTSD, Mr. Williams has been trying to get that applied to him as early as possible. But the only way, as the board found and the Veterans Court acknowledged, that Mr. Williams could do that is to file a Q claim with respect to that 2001 decision. That decision is final. It was never appealed. There's no way to reopen it in the absence of a Q claim. And he doesn't bring a Q claim here. And so nothing that is before this court right now could have been before the board. It wasn't adjudicated at the Veterans Court. The Veterans Court explained how these claims for TDIU, challenging the specific ratings of PTSD, could not have been before the board because they were final in the 2001 rating. And for the same reasons, they are not before this court and cannot be adjudicated as such. Accordingly, there are no legal issues before this court that the court has jurisdiction to decide. On the AMA issue, we still have not heard how the AMA, and we have no authority to show how the AMA changes the scope of a notice of decision and the issues that that can encompass, or the statutory authority at 7105. The AMA simply did this. It created multiple lanes of review for a veteran to pursue with respect to their various claims compensation entitlement. It did nothing substantively to change the review of those claims or the scope of those claims. Ms. Jansen, let me ask you. I was focusing on, in the discussion with Mr. Williams' counsel, the fact that it appeared to me that before the Veterans Court, he'd abandoned AMA arguments, all those provisions. And then the veterans, he says it's a legacy case. And then the Veterans Court notes that, I think. Am I missing something there? No, Your Honor. AMA was not raised with the Veterans Court. Same reason it cannot be adjudicated here. But if the court is concerned, there is also no reason to think that the AMA changed anything about the regs, the promulgating regs, or the statute that would alter Mr. Williams' claim here or his entitlement to compensation. Do you have any idea as to what he's talking about at page 1 of his reply brief that we addressed, where he says, The Secretary has asserted Mr. Williams waived the correct application of the law by asking the court to apply the wrong law. What is that? Do you have a sense of what that's getting at? I'll admit I'm a little confused by that characterization. I was trying to understand that. I think that is either maybe a reference to defining the scope of his NOD such that by raising this earlier effective date issue, he also could be heard to have raised everything related to PTSD. And the Veterans Court did not engage with that on that issue. Beyond that, I don't. I admit I don't know. I'm not directly responsive to that question, but I had understood Mr. Williams wants us to reach what he contends is a legal question. And I think at page 32 of your reply brief, you're conceding that there is this legal question in the case, but I want to make sure I'm following correctly. He says we should determine as a matter of law, whether the Veterans Court here applied a misinterpretation of the statute 7105 and the regulation 20.202, when it determined that the board did not have jurisdiction over the PTSD issue. That they misinterpreted the statute and the regulation to find that the board lacked jurisdiction and therefore the Veterans Court lacked jurisdiction. Is that a question of law? Is it presented to us? And if so, shouldn't we answer it or must we? I don't think it's presented to this court because I don't believe the Veterans Court did not rely on 7105 or the reg at 20.202 in its decision. Veterans Court did not see this as a legal issue of whether or not there was an NOD and whether or not it fairly encompassed the issues he was raising. So I don't believe that is a legal issue that was before the Veterans Court and so it's not before this court. I guess it's just a fact question about what the NOD itself said. I think most generously read, the Veterans Court did construe one of his arguments on appendix page 15 to 16 as raising an issue of the propriety of his claims and whether or not those were before the board. And looking at the NOD to do that and it did not raise, the Veterans Court held that that NOD did not raise the propriety of those ratings and so it could not have been before the board or before this court. But it also explained that there's no way those issues could have been before the board regardless because those were decided in an earlier final decision. Which again, it has not been reopened and there's no Q plan covering that decision. One other question for me. At 91 and 92 in the appendix it appears that Mr. Williams did say something to the board about what he wanted in terms of PTSD. That is that he wanted the 100% rating and arguably he was challenging the rating 100% versus 70% as opposed to just challenging the effective date. Can you help me? Is that in fact what the veteran is saying to the board and isn't that enough to raise the issue? I believe that's part of his April 2019 NOD. So this was also in conjunction with the 2018 claim. So I believe again perhaps that is also confusing I guess a little bit of what the VA did here. They did in fact increase his rating but they did it by recharacterizing his claim. So it's confusing because the claim that he filed was only for TBI service connection. They granted that and then in granting that they increased his PTSD rating in such a way that would allow him the maximum recovery. So he got all of that as part of his claim. He got an increased PTSD rating. He also got his TBI and then he was granted SMC. So I'm not sure what else he could have raised here. I'm not sure what else he could be asking for because he got the relief that it seems like he's requesting. I think at bottom what as I started this with what Mr. Williams is seeking is to reopen his 2001 claim using the results of this 2018 claim. So he can backdate this scheduler rating SMC and TDIU all the way back to 1999. But he can't do that in the absence of acute claim and we don't have that here. If I understand you're raising three objections to Mr. DeHakwet's claim. One, the issue that he's raising now wasn't raised before the Veterans Court. Two, he's trying to reopen a 2001 decision which was final. And third, even if that weren't final, the statute doesn't say that you can bring up some issue which wasn't raised in the first instance before the RO. That's correct, Your Honor. Okay. So if there are no further questions, we would respectfully ask this court to dismiss the opinion. Thank you. Okay. Mr. DeHakwet has two minutes. Thank you, Your Honor. So I want to emphasize we are not asking the board or anybody to go back and reopen anything. Had there been an earlier pending claim, then when the VA adjudicated as PTSD and increased it, it would have been adjudicating that prior claim. We don't know if the earlier claims are final because the board never made those findings. It refused to address the PTSD issue, and that's the primary dispute that Mr. Williams presents here. With respect to the legacy TBI issue that Your Honor was talking about on page towards the end of the appendix, if you look on page 86 to 87 of the appendix, you can see that the veteran was arguing that the TBI claim was still in legacy, and that's why there was a discussion about legacy versus the AMA. And I think that the veterans court may have gotten confused there, but that was specifically to the TBI. What language in the statute or the regulation was changed which suggests to you that the definition of issue was broadened? So the statute, Your Honor, was amended and heavily amended and specifically talks about the notice of disagreement has to identify the specific determination. Then the VA interpreted that phrase to mean that they have to list the date of the decision and which issue, which again is defined under 3151C. So you're saying determination is broader than issue? Is that what you're saying? Absolutely, Your Honor, and it's specific to the issue as defined by the regulation, whereas in legacy, as we talked about in our opening brief, was very specific to whatever determinations, I'm sorry, specific errors of law that the veteran wanted to bring to the court. And just one last point in my final seconds, 3.151C1, a single decision may adjudicate multiple issues, whether expressly raised or VA, or reasonably within the scope of the application. That's where this comes in. When they adjudicated the 2018 request for benefits, they interpreted it to raise an increase for the PTSD. That issue was presented all the way through the board. We would ask that this court reverse the Veterans Court's determination and order it to address the PTSD issue. Okay, thank you. Thank both counsel. The case is submitted.